IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joseph Brinson, # 130818, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Mrs. Hudson, Mrs. Nuton, ) <br> Rosa Smith, and Mrs. Lee, ) <br> ) <br> Defendants. ) | Civil Action No. 6:15-5022-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). The defendants are employees who work in the classification unit at the Lieber Correctional Institution. In the complaint, the plaintiff reveals that he was moved to Lieber Correctional Institution from Allendale Correctional Institution because of a disciplinary charge, which the plaintiff considers to be a "minor charge" (doc. 1 at 3). The plaintiff, in the "Statement of Claim" portion of the complaint, requests that his prior custody level be reinstated and that he be transferred "back" to Allendale (*id.*). In the signature page received on January 19, 2016, the plaintiff requests that he be given additional time to amend his complaint (doc. 1-2).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this

less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The SCDC public website database (http://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000130818, last visited Jan. 25, 2016) indicates that the plaintiff is serving a life sentence for murder (No. 85-GS-10-1375) and a five-year sentence for possession with intent to distribute marijuana (No. 99-GS-18-454). The website indicates that on February 2, 2011, the plaintiff, then an inmate at Allendale Correctional Institution, received a disciplinary conviction for refusal to obey orders and was given disciplinary detention for three days and loss of telephone privileges for 48 days. On February 24, 2011, the plaintiff was transferred to McCormick Correctional Institution, and on February 28, 2012, he was transferred to Lieber Correctional Institution.

In the above-captioned case, this court may take judicial notice of the SCDC public inmate database. *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

The plaintiff's placement at Lieber Correctional Institution and his classification (custody level) are not actionable. The act of placing a detainee or prisoner in administrative segregation or at a higher custody level is not punitive *per se* because it is rationally connected to legitimate governmental objectives. *See O'Bar v. Pinion*, 953 F.2d 74, 83 (4th Cir. 1991) ("Changes in prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges are matters contemplated within the scope of his original sentence to prison."); and *Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978) ("a prisoner may be transferred

to another institution for administrative (*Meachum*, *Cooper*) or disciplinary (*Montanye*) reasons without a hearing, absent a state statute giving such prisoner a reasonable expectation that he will remain where he is confined").  Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *cf. Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the SCDC from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

    Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

January 25, 2016                   s/ Kevin F. McDonald
Greenville, South Carolina             United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).